■ In the Matter of the Claim of FRANK D. CAMPBELL, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from benefits on the grounds that he had voluntarily left his employment without good cause (Labor Law, § 593, subd. 1) and imposing a forfeiture of benefits for 20 effective days on the basis of a willful misrepresentation as to the cause of his separation from employment (Labor Law, § 593). The board has found that claimant, a piler in a lumber yard, advised his superior that unless he were given a pay increase he would seek work elsewhere and that when this increase was denied he left employment. The resolution of disputed issues as to what transpired is the function of the board and where as here there is substantial evidence to support its findings we must accept them as final and conclusive (*Matter of Douglass* [*Catherwood*], 21 A D 2d 700). So also the determination of "good cause" is one of fact and thus for the board (*Matter of Lipschitz* [*Lubin*], 7 A D

2d 777), and we can find no basis in this case to interfere with the board's exercise of this function (*Matter of Tenenbaum* [*Catherwood*], 18 A D 2d 742). With respect to the finding of willful misrepresentation, claimant certified on filing his claim for benefits: "I left or lost my job because: Laid off no work." The board has found this as a matter of fact not to have been the cause of the termination of claimant's employment. The board clearly did not have to accept claimant's explanation that he "put laid off — no work on (his) application because the company had been laying off." The determination of whether a misrepresentation is "wilful" again depends on factual findings and thus again is within the exclusive province of the board if supported by substantial evidence. We can find no reason to disturb the board's determination. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.